1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11   UNUM Life Insurance Company )    5:13-cv-02121-RSWL-DTB
     of America,                 )
12                               )
                  Plaintiff,     )    **ORDER re: Plaintiff's**
13                               )    **Motions for Entry of**
          vs.                    )    **Default Judgment Against**
14                               )    **Defendant Alfred Ortiz**
                                 )    **[38], Jesse Basquez**
15                               )    **[39], Edward Ortiz [40],**
     Ramona Marie De Santiago;   )    **Anthony Ortiz [41], and**
16   KMDS, a minor; KJDS, a      )    **Michael Garza [42].**
     minor; Sarai Noemi          )
17   Hernandez; Alfred Ortiz;    )
     Jesse Basquez; Edward       )
18   Ortiz; Anthony Ortiz; and   )
     Michael Garza,              )
19                               )
                                 )
20                Defendants.    )
                                 )
21   _____ )

22        The Court, having reviewed all papers submitted

23   pertaining to this Application, **NOW FINDS AND RULES AS**

24   **FOLLOWS:**  The Court **GRANTS** Plaintiff's Motions for

25   Default Judgment [38, 39, 40, 41, 42].

26                       **I. BACKGROUND**

27        In this Action, Plaintiff UNUM Life Insurance

28   Company of America ("UNUM") seeks to interplead

                              1

Defendants Ramona Marie De Santiago ("Santiago"), minor ("KMDS"), minor ("KJDS"), Sarai Noemi Hernandez ("Hernandez"), Alfred Ortiz ("Ortiz"), Jesse Basquez ("Basquez"), Edward Ortiz ("E. Ortiz"), Anthony Ortiz ("A. Ortiz"), and Michael Garza ("Garza") regarding UNUM Group Life Insurance Policy NO. 951071 ("Policy") for $400,000.00 in basic life benefits issued to Barbara Basquez ("Decedent") by her employer, Pechanga Band of Luiseno Mission Indians ("Employer"). Compl. ¶¶ 3, 4, 8, ECF No. 1. While the four Defendants who are the named beneficiaries on the Policy (Santiago, KMDS, KJDS, and Hernandez) have filed Answers [11-14], the other five Defendants (Ortiz, Basquez, E. Ortiz, A. Ortiz and Garza) have not filed a responsive pleading. Mots. for Default Judgment 1:24-28; 2:1-3, ECF No. 38-42. Presently before the Court are Plaintiff's five separate Motions for Default Judgment [38-42] against only the five Defendants (Ortiz, Basquez, E. Ortiz, A. Ortiz, and Garza) who have not filed a responsive pleading.

UNUM is a corporation organized and existing under the laws of the State of Maine, with its principal place of business in Portland, Maine. Compl. ¶ 2. Defendants, Santiago, KMDS, KJDS, and Hernandez are citizens and residents of Los Angeles County, State of California. Id. at ¶ 3. Defendants Ortiz, Basquez, E. Ortiz, A. Ortiz, and Garza are citizens and residents of Riverside County, State of California. Id. at ¶ 4.

Decedent was insured under the Policy issued by Employer for $400,000.00 in basic life benefits. Imber Decl. ¶ 2 & Ex. 1, ECF No. 43. Decedent designated Defendants Santiago, KMDS, KJDS, and Hernandez as primary beneficiaries of the Policy through Employer's plan administrator. Compl. ¶ 9; Imber Decl., Ex. 2. Each of the four named beneficiaries were assigned 25% of the benefits. Compl. ¶ 9; Imber Decl., Ex. 2 at 10.

Decedent died on May 18, 2013 in Riverside County, California. Compl. ¶ 10. On July 16, 2013, UNUM paid the Policy benefits into retained asset accounts for Santiago, KMDS, KJDS, and Hernandez pursuant to the Notice of Claim and the Beneficiary Designation provided by Employer. Id. ¶ 11. On July 22, 2013, UNUM was contacted by telephone by counsel for Alfred Ortiz and was informed that Defendant Ortiz was asserting a competing claim to the Policy benefits. Id. ¶ 12. UNUM soon thereafter received a letter from Defendant Ortiz's counsel, stating that it was "the position of at least two of [Decedent's] children, Jesse J. Basquez and Alfred Ortiz, that [Decedent] lacked capacity at the time of the designation of beneficiaries on this policy" and requesting that UNUM not distribute the benefit monies, but hold the monies "in an account until this dispute is investigated." Imber Decl., Ex. 3; see Compl. ¶ 12. When UNUM learned of the competing claims, a hold was placed on the retained asset accounts. Compl. ¶ 12.

3

On August 12, 2013, UNUM sent letters to Defendants Santiago, KMDS, KJDS, Hernandez, and Ortiz, directly or through their representatives, confirming the continuing competing claims and stating that, since UNUM was unable to identify the rightful beneficiary, UNUM would proceed with filing an interpleader complaint if the parties could not reach an agreement. Compl. ¶ 14. Believing that Defendants have not and will not come to an agreement as to their competing claims to the Policy proceeds, UNUM filed its Complaint In Interpleader on November 19, 2013 [1]. See Compl. ¶ 15. On November 18, 2013, Plaintiff deposited with the Court $402,093.15, "the total amount due and [owing] under the Policy" including accrued interest. Notice of Deposit of Interpleader Funds with Court, ECF No. 5. Plaintiff named Basquez, E. Ortiz, A. Ortiz, and Garza as Defendants in this matter because Plaintiff believes that Defendants Basquez, E. Ortiz, A. Ortiz, and Garza "may stand in the same position as competing claimant" Ortiz because Defendants Basquez, E. Ortiz, A. Ortiz, and Garza are Defendant Ortiz's siblings. Compl. ¶ 15. Plaintiff filed Proofs of Service for Defendants Ortiz [17], Basquez [18], E. Ortiz [24], and A. Ortiz [25], and filed Defendant Garza's Waiver of Service [6].

On February 24, 2014, Defendants Santiago, Hernandez, KJDS, and KMDS ("Non-defaulting Defendants")—the named beneficiaries on the Policy— filed Answers to the Complaint. Dckt. ## 11-14. On

February 26, 2014, Non-defaulting Defendants filed a
Cross-Complaint [19] against only Defendant Ortiz.
Defendants Ortiz, Basquez, E. Ortiz, A. Ortiz, and
Garza have not filed a responsive pleading to date.
Id. ¶ 12.  On May 28, 2014, Plaintiff requested [35]
the Clerk to enter default against Defendants Basquez,
Garza, Ortiz, A. Ortiz, and E. Ortiz.  On July 24,
2014, the Clerk entered Default [37] against Defendants
Ortiz, Basquez, E. Ortiz, A. Ortiz, and Garza.

Plaintiff filed the present Motions for Default
Judgment against Defendants Ortiz [38], Basquez [39],
E. Ortiz [40], A. Ortiz [41], and Garza [42] on
September 20, 2014.  The motions were set for hearing
on October 29, 2014, and were taken under submission on
October 22, 2014 [44].

## II. LEGAL STANDARD

Default judgment is within the discretion of the
district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092
(9th Cir. 1980); see Fed. R. Civ. P. 55.  A party
applying to the Court for default judgment must satisfy
both procedural and substantive requirements.  See
Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1005-06
(C.D. Cal. 2014).  Procedurally, the requirements set
forth in Federal Rules of Civil Procedure 55 and 56 and
in Local Rule 55-1 must be met.  Id. at 1006.
Substantively, the Ninth Circuit has provided factors
for a district court to consider when determining
whether default judgment is proper, including whether

5

the plaintiff has sufficiently alleged a meritorious claim.  <u>Id.</u> at 1005-07.

Additionally, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" prior to granting default judgment against a party who has failed to appear in the Action.  <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999).

### III. ANALYSIS

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff UNUM and all Defendants, and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332; <u>Lee v. W. Coast Life Ins. Co.</u>, 688 F.3d 1004, 1007 n.1 (9th Cir. 2012); Compl. ¶¶ 4-5.

The Court finds that personal jurisdiction is proper because Defendants Ortiz, Basquez, E. Ortiz, A. Ortiz, and Garza are all residents of California and were properly served.  Compl. ¶ 4; Waiver of Service (Garza); Proofs of Serv., ECF No. 17, 18, 24, 25; Imber Decl., Ex. 5 (listing addresses of defaulting Defendants).

### A. Procedural Requirements

Upon reviewing Plaintiff's Motions [38-42], the Court finds that Plaintiff has satisfied the applicable procedural requirements for entry of default judgment. <u>See</u> Fed. R. Civ. P. 54, 55; C.D. Cal. Civ. L.R. 55-1; Mots. Def. J. 4 & Imber Decl., ECF No. 38-42.

**B.   Substantive Factors**

Whether to grant or deny default judgment is a matter within the court's discretion.  Vogel, 992 F. Supp. 2d at 1005.  The Ninth Circuit established seven factors, discussed below, to assist a court in determining whether default judgment is substantively appropriate.  Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  In evaluating a motion for default judgment, a court deems the complaint's factual allegations, other than those relating to the amount of actual damages, to be true.  Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

1.   Prejudice to Plaintiff

The first factor considers the extent to which the plaintiff will suffer prejudice if a default judgment is not entered.  Vogel, 992 F. Supp. 2d at 1007.  Here, Plaintiff has alleged that it has no way to determine which of the parties possesses the true claim to the Policy proceeds and, absent default judgment, Plaintiff could be subjected to multiple and/or inconsistent liabilities.  Compl. ¶ 16.  This factor weighs in favor of default judgment.  Vogel, 992 F. Supp. 2d at 1007.

2. & 3.   Merits of Substantive Claim &
Sufficiency of Complaint

The second and third Eitel factors are analyzed together and "require that plaintiff's allegations state a claim on which [it] may recover."  Vogel, 992 F. Supp. 2d at 1007.

1    Plaintiff is requesting rule interpleader pursuant
2  to Fed. R. Civ. P. 22.  Rule 22 states that "[p]ersons
3  with claims that may expose the plaintiff to double or
4  multiple liability may be joined as defendants and
5  required to interplead."  Fed. R. Civ. P. 22(1).  In
6  other words, "Rule 22(1) interpleader allows a party to
7  join all other claimants as adverse parties when their
8  claims are such that the stakeholder may be exposed to
9  multiple liability."  Gelfgren v. Republic Nat'l Life
10 Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982).

11   Plaintiff sufficiently alleges that Defaulting
12 Defendants are "[p]ersons with claims that may expose"
13 Plaintiff to "multiple liability."  Plaintiff claims
14 that Defendant Ortiz has a competing claim to the
15 Policy benefits and that the other defaulting
16 Defendants "may stand in the same position as competing
17 claimant" Ortiz because Defendants Basquez, E. Ortiz,
18 A. Ortiz, and Garza are Defendant Ortiz's siblings.
19 Compl. ¶ 15.  Plaintiff alleges that it has no interest
20 in the proceeds, "does not know and cannot determine to
21 whom the Policy proceeds rightfully should be paid,"
22 and that "payment of the disputed proceeds to any of
23 the defendants would subject UNUM to the risk of
24 multiple and/or inconsistent liabilities."  Id. ¶ 16.
25 These two factors weigh in favor of default judgment.
26   4.  Sum of Money at Stake in Action
27   Default judgment is disfavored when a large amount
28 of money is involved or is unreasonable in light of the

potential loss caused by the defendant's actions. Vogel, 992 F. Supp. 2d at 1012.   Here, Plaintiff deposited $ 402,093.15 with the Court.   Plaintiff, however, is requesting only an Order stating that UNUM is released from any liability to the Defaulting Defendants with regard to the Policy at issue in this action.   Thus, this factor is neutral.   See, e.g., Transamerica Life Ins. Co. v. Estate of Ward, No. 11-0433, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011).

      5.   Disputed Material Facts

      As Defaulting Defendants have failed to respond or appear in this action, this factor weighs in favor of default judgment.   See, e.g., Vogel, 992 F. Supp. 2d at 1012-13.

      6.   Excusable Neglect

      There is no indication that Defendants have defaulted due to excusable neglect.   Plaintiff properly served Defaulting Defendants, and to date, Defaulting Defendants have not appeared in this Action.   This factor weighs in favor of default judgment.   See Moroccanoil, Inc. v. Allstate Beauty Prods., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012).

      7.   Policy Favoring Decisions on the Merits

      While cases "should be decided upon their merits whenever reasonably possible," Eitel, 782 F.2d at 1472, when, as here, a party fails to appear or respond in an action, default judgment may be the only just manner to remedy a violation of rights.   See

1   Moroccanoil, 847 F. Supp. 2d at 1203.  Because

2   Plaintiff will be subjected to the risk of multiple

3   liability absent default judgment, this factor weighs

4   in favor of default judgment.

5       Balancing the Eitel factors, the Court finds that

6   default judgment is proper.

7                    **IV. CONCLUSION**

8       Based on the foregoing, the Court **GRANTS**

9   Plaintiff's Motions for Default Judgment against

10  Defendants Alfred Ortiz [38], Jesse Basquez [39],

11  Edward Ortiz [40], Anthony Ortiz [41], and Michael

12  Garza [42], and **GRANTS** the following relief:

13      UNUM is HEREBY released, discharged and forever

14  acquitted of and from any and all liability of any kind

15  or nature whatsoever to Defendants Alfred Ortiz, Jesse

16  Basquez, Edward Ortiz, Anthony Ortiz, and Michael Garza

17  on account of the UNUM Policy issued on the life of

18  Barbara Basquez underlying this Action and the proceeds

19  due and owing thereunder as a result of Barbara

20  Basquez's death.

21

22  **IT IS SO ORDERED.**

23  DATED: November 20, 2014     _RONALD S.W. LEW_

                                 _____

24                               **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge

25

26

27

28

                            10